**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

UNITED STATES OF AMERICA,
ex rel. Shawn Pelletier,

        Plaintiff,

vs.                                                Case No. 3:11-cv-587-J-32MCR

LIBERTY AMBULANCE SERVICE, INC.,

        Defendant.

## **ORDER**

On January 7, 2016, the Court entered an Order in this False Claims Act case granting Liberty Ambulance Service, Inc.'s motion to dismiss the government's complaint in intervention, but giving the government leave to amend. Doc. 47. The government filed an amended complaint (Doc. 48), Liberty again moved to dismiss (Doc. 55), and the government responded (Doc. 61).

Because the government has failed to incorporate the right allegations into all the right counts, it will have to re-plead one more time. Putting that aside and assuming the government can easily make that modification, the Court will address the merits of Liberty's other arguments.

First, for the reasons stated in the Court's earlier Order (Doc. 47), which is incorporated by reference, the Court rejects Liberty's argument that the amended complaint (which contains more information than the government's original complaint), fails to meet the

Rule 8 standard of pleading, and further rejects Liberty's argument that Count III (for unjust enrichment) should be dismissed as based on fraud because the Court views that claim as having been pled in the alternative. See Order (Doc. 47) at pp. 3-5, 11.

Second, even assuming arguendo that Counts III and IV (for unjust enrichment and payment by mistake) must be pled with particularity under Rule 9(b) as based on fraud, sufficient allegations are within the complaint and could be incorporated. The Court therefore rejects Liberty's argument that those two counts must be dismissed for failure to satisfy Rule 9(b).

Third, the crux of Liberty's motion is, as it was before, that the government has failed to supply sufficient allegations under Rule 9(b) to present "some indicia of reliability" that "a false claim" was presented and paid (Counts I and II). United States ex rel. Clausen v. Lab. Corp. of Am., Inc., 290 F.3d 1301, 1310 (11th Cir. 2002) (claims brought pursuant to the False Claims Act must be pled with particularity under Federal Rule of Civil Procedure 9(b)). To cure the defect with its earlier complaint, the government clarified the allegations describing the claim submission and payment process and described 26 specific claims that its expert analyzed and opined were transports that were not medically necessary but were submitted for payment and were paid.[1] Doc. 48 at ¶¶ 121-122. The government provided additional detail as to 4 of those claims. Doc. 48 at ¶¶ 79-114 and Ex. A, J, K, L, M. While Liberty raises persuasive arguments as to why 3 of the 4 were valid claims, it does not challenge the claim as to patient O.J. The records for the claim as to patient O.J. for the run

---

[1]The government alleges that these are just a sampling of the many false claims submitted by Liberty and paid by the government. See Doc. 48 at ¶¶ 119-122.

on July 31, 2006 (Doc. 48 at ¶¶ 107-113 and Ex. A & M), coupled with the other allegations of the government's amended complaint, provide Count I and II with an indicia of reliability sufficient to meet the government's burden under Rule 9(b).

Fourth, Liberty challenges the False Claims Act Anti-Kickback Statute claim (Count III) on the ground that the allegations incorporated fail to identify any claim referred to Liberty following the allegedly illegal kickback agreement.  The government contends that its showing is sufficient because all claims submitted from Liberty for a patient referred from Memorial after the 2009 agreement between Liberty and Memorial Hospital are false claims. The Court agrees with Liberty-- allegations regarding a claim post-dating that agreement should be incorporated in Count III to satisfy Rule 9(b).

Finally, Liberty contends that allowing this complaint to go forward permits the government to engage in a fishing expedition searching for the proof that it should have had before bringing the case.  Because the plaintiff here is the government (as opposed to a relator), it already has the records.  The Court has found the amended complaint satisfies Rules 8 and 9(b) so the case must be allowed to proceed.  Of course, this case is at the beginning stage and the Court expresses no views on the ultimate merit of the government's case.

Accordingly, it is hereby

**ORDERED**:

Liberty's Motion to Dismiss (Doc. 55) is **GRANTED** to the extent stated herein.  The United States' Amended Complaint in Intervention is **DISMISSED without prejudice** to filing a Second Amended Complaint in Intervention, which shall be filed no later than **November**

**15, 2016**.[2]  Liberty shall answer the Second Amended Complaint no later than **December 13, 2016**.  In the meantime, the parties shall continue to be governed by the deadlines in the Amended Case Management and Scheduling Order (Doc. 52).

**DONE AND ORDERED** at Jacksonville, Florida this 31st day of October, 2016.

_____
TIMOTHY J. CORRIGAN
United States District Judge

s.
Copies:

counsel of record

---

[2] The Court previously advised the government that it had misnumbered the paragraphs in its Prayer for Relief and directed that it correct that error in the amended complaint.  See Order, Doc. 47 at 10 n.9.  The government did not.  It shall do so in the Second Amended Complaint.